CALIFORNIA ARTIFICIAL STONE PAVING CO. *v.* FREEBORN.[1]

*(Circuit Court, D. California.* January 26, 1883.)

1. ARTIFICIAL STONE PAVEMENT.

Cross-cutting the larger blocks of artificial stone pavements into smaller ones with a trowel during the process of formation, in the manner described in *Molitor* and *Perine Cases,* 7 Sawy. 190, [S. C. 8 FED. REP. 821,] is an infringement of the Schillinger patent.

2. MARKING JOINTS NOT INFRINGEMENT.

Running the marker, described in *Molitor* and *Perine Cases,* along the line of the surface between the old block and the new one formed against it, without anything being interposed, or any cutting being done between the blocks during the process of formation, is not an infringement of Schillinger's patent.

In this case, after a line of blocks had been formed and become solidified, a new block, from 12 to 20 feet by 2 or $2\frac{1}{2}$ feet wide, was formed between scantlings and the block or blocks before formed, without interposing anything whatever between the new and the old blocks. The material in its plastic state having been tamped down and then a layer of finer material put on top, the whole was finished and the blocks divided up into smaller ones during the process of formation, by use of a trowel, etc., in all respects, except as to the line between the old and new blocks, as is described in the *Cases of Molitor* and *Perine,* 7 Sawy. 190.[2] Nothing was interposed and no cutting was made in the joint between the old and the new blocks. But after the material had partially set, and the block had been finished and divided into smaller blocks, the marker described in *Molitor* and *Perine Cases* was run along the line between the old and new blocks on the surface. This is the only difference in making the pavement in this case and in those of *Molitor* and *Perine.*

*Wheaton & Harpham,* for plaintiff.

*C. H. Parker,* for defendant.

SAWYER, J. I have gone over this subject again as to the cross-cutting into blocks with a trowel during the process of formation. I adhere to the position that I took in the *Cases of Perine* and *Molitor,* 7 Sawy. 190.[3] There is in this case a mark on the surface along the line of division between the newly-formed block and the one before formed. The forming of the block against the pavement is according to the specifications in the reissue subsequently disclaimed; but it is claimed that running the marker along the line between the old and new blocks on the surface, after forming the latter, is an infringement. I am not able to take that view. I have gone as far in that direction as I think the patent will justify. I think in that particular it is not an infringement. Counsel for complainant have made a point as to simply marking lines upon the surface of the block with the marker employed. There is one case wherein it was

held that marking the surface with a fish-line is an infringement. It is insisted by complainant that marking off the blocks on the surface at the time of laying the pavement with a marker about one-sixteenth of an inch in depth is an infringement. I am unable to perceive that the mere running along the surface of that blunt and rounded marker one-sixteenth of an inch in depth, there being no cutting elsewhere, is making a joint. I fail to see that that is an infringement.

The complainant is entitled to a decree against the defendant for the infringement by dividing the larger block into smaller ones by cross-cutting in the manner adopted and described in the *Cases of Perine* and *Molitor, supra,* and a decree will be entered accordingly. But I am unable to see that running the marker along the line between the old and newly-formed blocks, on the surface only, is an infringement.